UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
FRANK GIACOBBE,

               Petitioner,

                                  CV 03-4099(FB)
     - against -

UNITED STATES OF AMERICA,

               Respondent.
- - - - - - - - - - - - - - - - - -x

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PETITION UNDER 28 U.S.C. § 2255

ROSLYNN R. MAUSKOPF,
United States Attorney,
Eastern District of New York.

EMILY BERGER,
Assistant U.S. Attorney,
(Of Counsel).

1

## PRELIMINARY STATEMENT

The government submits this memorandum in support of its motion to dismiss a petition dated August 5, 2003, brought pursuant to 28 U.S.C. § 2255 by Petitioner Frank Giacobbe, because the petition is untimely; alternatively, the petition should be denied on the merits. This petition arises from a judgment of conviction entered against Giacobbe on July 19, 1996. The judgment was entered upon his plea of guilty to attempted murder in violation of 18 U.S.C. § 1959(a)(5). Giacobbe was sentenced to 120 months imprisonment to run consecutively to a state sentence he was then serving, followed by three years of supervised release, and to a $50 special assessment. Giacobbe did not appeal from that conviction.

For the reasons set forth below, the petition should be dismissed as falling beyond the limitations period set forth in 28 U.S.C. § 2255. Alternatively, the petition should be denied on the merits.

2

STATEMENT OF FACTS

A superseding indictment was filed against Giacobbe and seven other defendants on January 12, 1995.  United States v. Avellino, 95-CR-00031 (FB).  Giacobbe pleaded guilty on May 8, 1996.  The Court accepted the plea on May 22, 1996.  Giacobbe was sentenced on June 26, 1996 and judgment was entered on July 19, 1996.  He did not appeal.

Giacobbe's Section 2255 petition is dated August 5, 2003, and was entered on August 20, 2003.  In it, Giacobbe claims that the government withheld evidence, specifically two statements of interviews with Alphonse D'Arco ("302s"), a putative witness in Giacobbe's case, where D'Arco's discussion "about Judge Raymond Dearie of the judicial system" purportedly "show[s] the court that Alphonse D'Arco was lying."  (Mem. at 1).  The 302s are dated October 9, 1991 and November 27, 1991.  When Giacobbe first presented the 302s to the Court by a request for appointment of counsel dated December 8, 1998, he stated only that "I HAVE RECENTLY DISCOVERED NEW EVIDENCE IN WHICH [sic] THE U.S. ATTORNEY'S OFFICE WITHHELD FROM MYSELF AND CO-DEFENDANTS."  (Dec. 8, 1998 Request at 1) (emphasis in original).

In the 302 dated October 9, 1991, a confidential source later identified as D'Arco reported, among other things, that prior to becoming a cooperating witness, he had asked another organized crime associate, Neil Migliore, a member of the Luchese Family, to

3

attempt to influence Judge Dearie in his role as trial judge in the so-called Windows case.  Judge Dearie purportedly owed Migliore a favor for supposedly influencing the judge's selection as U.S. Attorney years earlier.  Since Migliore agreed to tell D'Arco if he was unsuccessful in reaching the judge and did not, D'Arco assumed that the request had been conveyed to the judge.  In relevant part, the 302 dated November 27, 1991 stated that "SOURCE also advised that MIGLIORE somehow helped now federal judge RAYMOND DEARIE become an Assistant [sic] United States Attorney, and the rumor existed that DEARIE owed MIGLIORE a favor, but SOURCE knew of none actually performed."

Based on claims stemming from the allegations in the D'Arco 302s, Section 2255 petitions were filed by defendants in unrelated cases long before Giacobbe filed the instant petition. Specifically, Joseph Amato filed a petition on July 13, 1998 and Venero Mangano and Benedetto Aloi filed petitions on July 31, 1998. United States v. Amato, 98 CV 4905 (FB); United States v. Mangano and Aloi, 98 CV 4970 (FB).  In a 14-page joint Memorandum and Order dated August 30, 1999 (hereinafter "Mem. and Order") the Court disposed of all of the allegations, denied the relief requested and did not grant a certificate of appealability.  Since the government relies upon the thorough and thoughtful findings of the Court, the opinion will be discussed in the argument section.  Louis Malpeso later joined in Amato's allegations, Malpeso v. United States, 99

4

CV 3628 (FB), and Dennis DeLucia joined in Mangano and Aloi's allegations around November 18, 1999, DeLucia v. United States, 99 CV 7546 (FB).  This was also denied.

5

ARGUMENT

THE PETITION SHOULD BE DISMISSED AS UNTIMELY.
ALTERNATIVELY IT SHOULD BE DENIED ON THE MERITS

Under 28 U.S.C. § 2255, a petition must be brought within one year of the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Giacobbe does not invoke any subsection or offer any explanation as to why his petition is timely.  The petition is untimely under subsections (1) or (4), the only subsections that might arguably apply.

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1075 (2003) (quoting 28 U.S.C. § 2255, ¶ 6(1)).

6

If a prisoner does not appeal, his conviction becomes final when the time for filing a notice of appeal expires, ten days from the date of entry of judgment in the district court.  Rule 4, Federal Rules of Appellate Procedure.  28 U.S.C. § 2255.  "[W]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period."  Mickens v. United States, 148 F.3d 145, 148 (2d Cir. 1998).

Since Giacobbe was sentenced on June 26, 1996 and judgment was entered on July 19, 1996, he had until July 29, 1996 to file an appeal.  He did not appeal.  Thus, thereafter he had one year, until July 29, 1997, to file a Section 2255 petition.  The instant petition, dated August 5, 2003, over six years later, and entered on August 20, 2003, is plainly out of time under subsection (1).[1]

The petition is also untimely if measured from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

> Section 2255(4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that

---

[1]  In addition, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 167 (1982); DeJesus v. United States, 161 F.3d 99, 102-03 (2d Cir. 1998).  Giacobbe does not even try to meet this test.

7

> post-date the start of the limitations clock from the calculation of how much time has run. Rather, it resets the limitations period's beginning date, moving it from the time when the conviction became final, see § 2255(1), to the later date on which the particular claim accrued. See Smith, 208 F.3d at 15 (distinguishing tolling provisions from those that restart the limitations period).

Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). Thus, "[t]he proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered" the alleged impeachment information. Wims, 225 F.3d at 190.

Giacobbe relies upon 302s dated October 9, 1991 and November 27, 1991. Giacobbe first presented the 302s to the Court by a request for appointment of counsel dated December 8, 1998. Giacobbe provides no explanation of how he obtained the information around that time and why he could not have obtained it earlier. Moreover, because he had the information at least as early as December of 1998, his one-year period in which to file expired in December 1999. He has not satisfied the requirements of subsection (4). Thus his petition should be denied as untimely.

In any event, Giacobbe cannot prevail on the merits. The Supreme Court held that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." United States v. Ruiz, 536 U.S. 622, 631 (2002). Giacobbe pleaded guilty.

8

Thus, even assuming that D'Arco would have been a witness against Giacobbe had he gone to trial, he was not entitled to the purported D'Arco impeachment information.

Moreover, leaving aside that Giacobbe is not entitled to the information, the D'Arco 302s do not provide the impeachment material that Giacobbe posits, by purportedly showing that D'Arco was lying. In his 302s D'Arco only related what Neil Migliore told him, without vouching for Migliore's credibility.[2]

Finally, in the Memorandum and Order in Amato the Court found no Brady violation, rejecting a similar claim that the undisclosed D'Arco 302 contained "such a 'foolish' allegation [that] could have been used to attack D'Arco's credibility." (Mem. and Order at 12). As the Court explained fairly and comprehensively:

> "[W]here the undisclosed evidence merely furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or who is subject to extensive attack by reason of other evidence, the undisclosed evidence may be cumulative and hence not material." [United States v.] Avellino, 136 F.3d 249,] at 257 [(2d Cir. 1998)].
>
> In Avellino, the Second Circuit held that the government's failure to disclose impeachment evidence regarding prior perjury

---

[2]    It is unclear whether defendants received the 302 dated November 27, 1991 in addition to the one dated October 9, 1991. Even if they received only the earlier 302, a different result is not required. The later document merely repeats, in even less detail, information contained in the earlier 302.

9

by D'Arco did not constitute a <u>Brady</u> violation. <u>See</u> <u>Avellino</u>, 136 F.3d at 258. It noted that D'Arco's past was replete with impeachment material, stating:

D'Arco had already admitted his involvement in, in his own words, "[m]urder, high-jacking, burglary, arson, gambling, [a]rson . . . murder, counterfeiting, loansharking, extortion, labor racketeering, . . . illegal union racketeering, threats, assaults, that type of activity. At the prior trials he acknowledged that he twice had been convicted of crimes and had served prison terms, once for a scheme involving stolen stock certificates and once for possession of, and conspiracy to distribute, heroin. In addition, at his plea hearing, D'Arco acknowledged that the activities of the Luchese family also included various frauds and the "distribution of drugs," and he stated, <u>inter alia</u>, "I carried on the daily activities of the Luchese crime family; I passed on orders and I acted on orders, and ... every day I took care of the affairs of the enterprise." There was thus a wealth of disclosed evidence with which D'Arco could have been impeached.

<u>Id</u>. (internal citations omitted).

In the present case, contrary to Mangano and Aloi's assertion, D'Arco was not making any allegation about Judge Dearie; he was merely repeating an allegation which had been made to him, and not vouching for its truth. Furthermore, even assuming, <u>arguendo</u>, that D'Arco's comments could be considered a foolish allegation which could have been used to impeach him, this would nonetheless be merely cumulative impeachment evidence lost among the myriad reprehensible activities which D'Arco had already admitted committing. <u>Cf</u>. <u>United States v. Orena</u>, 32 F.3d 704, 717 (2d Cir. 1994) (disclosure of additional evidence of drug trafficking would not affect credibility of witness in light of already "ample evidence ... of [witness'] horrendous

10

> history of criminal activity).  Clearly, the
> allegedly withheld information could not have
> had any persuasive effect on the fact-finder's
> assessment   of   D'Arco's   credibility.
> Therefore,  the  Court  concludes  that  this
> evidence was not material and, accordingly,
> rejects the <u>Brady</u> claim.

Mem. and Order at 13-14.

Notably, had Giacobbe gone to trial it would have been in <u>Avellino</u>, the very case in which the Court of Appeals found that the government's failure to disclose impeachment evidence regarding prior perjury by D'Arco did not constitute a <u>Brady</u> violation against the defendants in that appeal, given that D'Arco's past was replete with impeachment material.  Plainly, then, it could not constitute a <u>Brady</u> violation against Giacobbe.

Accordingly, the petition should be dismissed as untimely or denied on the merits.

11

CONCLUSION

For the reasons set forth above, the motion to dismiss the petition under Section 2255 should be granted, or the petition should be dismissed on the merits.

Dated: Brooklyn, New York
       November 14, 2003

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, N.Y. 11201


EMILY BERGER
Assistant U.S. Attorney
   (Of Counsel).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 03-4099(FB)
--------------------------
FRANK GIACOBBE,

                    Petitioner,

            - against -


UNITED STATES OF AMERICA,

                    Respondent.
--------------------------


CERTIFICATE OF SERVICE

        It is hereby certified that the undersigned served the within memorandum of law by United States mail on November 14, 2003, to:

Frank Giacobbe
Brooklyn MDC
80 29th Street
Brooklyn, New York 11232


                              _____
                              Lisa Alper
                              Legal Secretary

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    THE PETITION SHOULD BE DISMISSED AS UNTIMELY.
    ALTERNATIVELY IT SHOULD BE DENIED ON THE MERITS . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 11